UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ASHER NAEEM and FAHAD NAEEM,

                              Plaintiff,

- against -    **COMPLAINT**

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, CAPTAIN
DAVID F. CORDANO, Individually,   **Jury Trial Demanded**

                              Defendants.
------------------------------------------------------------------X

        Plaintiffs ASHER NAEEM and FAHAD NAEEM, by their attorneys, CAMPANELLI & ASSOCIATES, P.C., as and for their complaint, respectfully alleges as follows:

## I      Introduction

1. The plaintiffs, Asher Naeem and Fahad Naeem (hereinafter the "plaintiffs"), bring this action to seek redress for the deprivation of their property without regard to their well-settled constitutional rights to *Due Process* and to be free from unreasonable seizures.

2. Specifically, the defendants have deprived the plaintiffs of their rights, secured by the Fourteenth Amendment to the United States Constitution, to be free from State deprivations of property without *Due Process* of law, and their rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable seizures.

3. The defendants have seized a motor vehicle belonging to the plaintiffs and refused to release it to the plaintiffs, because a person who had apparently been operating the plaintiff's vehicle was arrested while operating said vehicle for driving with a suspended license sometime prior to its seizure by the police department.

1

4. The defendants have no basis for retaining continuing possession of the plaintiffs' vehicle, as there is no pending criminal case within which the vehicle is needed as evidence, and even if there were, the defendants have violated the plaintiff's constitutional rights by affording the plaintiff no pre-seizure or post-seizure hearing or notice of same.

5. Despite not having any basis to continue to deprive the plaintiffs of their automobile, the defendants refused to release the plaintiffs' vehicle when plaintiff, Asher Naeem, physically went to the 43rd Precinct to retrieve same and refused to release it despite successive demands for the release of same.

6. As a result of the foregoing, the defendants have deprived the plaintiffs of their property without *Due Process* of law, and they are entitled to obtain redress pursuant to 42 U.S.C. §1983.

7. The continuing retention of the vehicle with no hearing or notice of opportunity for a hearing has caused injury to plaintiffs, specifically, Fahad Naeem, as the Vehicle is financed in his name and is being treated as a repossession. This repossession is affecting his credit and effecting Fahad's job status as an employee of the Drug Enforcement Administration (DEA).

## II Jurisdiction and Venue

8. This is a civil action seeking a declaratory judgment, injunctive relief, compensatory damages, costs, and attorneys' fees brought pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges, and immunities guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, brought by the owner of a motor vehicle that was seized and retained

by the defendants

9. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

10. The plaintiffs seek declaratory relief, injunctive relief, and compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

11. The plaintiffs seek reasonable attorneys' fees as part of the costs authorized to the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

12. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred within the City of New York.

### III    The Parties

12. Plaintiff ASHER NAEEM is an individual residing in East Elmhurst, New York.

13. Plaintiff FAHAD NAEEM is an individual residing in Queens, New York.

14. Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

15. The New York City Police Department (hereinafter referred to as the NYC PD) is an Agency of the defendant City of New York.

16. Upon information and belief, at all relevant times described herein, defendant David F. Cordano was an individual employed by the New York City Police Department as a Captain, and as the Commanding Officer of the 112th Precinct of the New York City Police

Department, with an actual place of employ at 68-40 Austin Street, Forest Hills, New York, 11375.

### IV     Preliminary Facts

17.     At all relevant times described herein, the plaintiffs, ASHER NAEEM and FAHAD NAEEM, were, and remain, the owners of a 2018 Audi RS5 automobile bearing Vehicle Identification Number WUAPWAF52JA904534 (hereinafter the "Vehicle").

18.     On or about June 11, 2024, the defendants seized the plaintiffs' vehicle, which was taken to the 112th Precinct of the NYC PD, which was, and is, located at 68-40 Austin Street, Forest Hills, New York, 11375.

19.     On or about June 12, 2024, plaintiff, Asher Naeem physically went to the 112th Precinct of the NYC PD and requested the release of his motor vehicle.

20.     While at the precinct, Plaintiff, Asher Naeem was told that the precinct was too busy to accommodate his request and that he must "come back another time."

21.     On June 17, 2025, the NYCPD transferred the Vehicle to the NYC PD Springfield Gardens impound yard.

22.     Plaintiff, Asher Naeem, has visited the Springfield Gardens impound yard at least six times, demanding the release of the Vehicle to no avail because the Plaintiff did not have the original title.

23.     The Vehicle is financed through Audi Financial Services, who is also the title holder. The Vehicle is registered in North Carolina which follows the law that a lien-holder retains title to the vehicle until the loan is paid off.

4

24. Under the circumstances, the plaintiff retained counsel to demand that the defendants release his vehicle.

25. As is clearly-established law of which any commanding officer of a NYC PD precinct would be aware, under the constraints of the 14th Amendment to the United States Constitution, the defendants are required to afford vehicle owners, inclusive of the plaintiffs, *Due Process*, before effectuating a *continuing deprivation* of their vehicles.

26. As the U.S. Court of Appeals for the Second Circuit has explicitly ruled, to comport with the constraints of the *Due Process Clause* of the 14th Amendment, a municipality that seizes and seeks to retain possession of a motor vehicle under a seizure program must: (a) provide the owner of such vehicle with a prompt "retention hearing" (b) which must be conducted by a "neutral hearing officer." Krimstock v. Kelly, 306 F.3d 40 (2nd Cir.2002).

27.     As is also clearly-established law, the same hearing requirements apply to cases within which a police department seeks to retain continuing possession of a motor vehicle for use as evidence in a criminal proceeding.

28.     In the absence of meeting such burdens at a retention hearing, the *Due Process Clause* of the 14th Amendment requires the municipality to release the respective vehicle back to its owner.

29.     Having seized and continuing to deprive the plaintiffs of the use and possession of their motor vehicle while having afforded them no pre-seizure or post-seizure hearing, and no notice of same, the defendants have deprived the plaintiffs of their property without *Due Process* of law in violation of the plaintiffs' U.S. Constitutional rights.

30.     Having seized and continuing to deprive the plaintiffs of the use and possession of their motor vehicle while having afforded them no notice of their right to a hearing, the defendants have deprived the plaintiffs of their property without *Due Process* of law in violation of the plaintiffs' U.S. Constitutional rights.

31.     Having seized and continuing to deprive the plaintiffs of the use and possession of their motor vehicle while having afforded them no notice of any procedure of which to obtain a hearing, the defendants have deprived the plaintiffs of their property without *Due Process* of law in violation of the plaintiffs' U.S. Constitutional rights.

<u>**CLAIM FOR RELIEF**</u>

**COUNT ONE**

***DUE PROCESS* CLAIMS UNDER THE**
<u>**FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION**</u>

(Procedural *Due Process* - 42 U.S.C. §1983)

32. The plaintiffs repeat and reiterate the allegations set forth within paragraphs "1" through "31" herein above, with the same force and effect as if fully set forth at length herein.

33. At all times described herein, the plaintiffs possessed the clearly-established property rights, under New York State Law, to purchase, own, use, and possess their motor vehicle without unlawful deprivation of their use or possession and without unlawful and arbitrary interference and deprivation from the defendants.

34. As described above, the defendants herein have deprived, and continue to deprive, the plaintiffs of their property rights in using and possessing their motor vehicle without *Due Process* of law.

35. The defendants effectuated such deprivation by creating and applying policies, practices, and procedures pursuant to which the defendants have been permitted to retain continuous possession of the plaintiffs' motor vehicle and deprived them of the use and possession of same.

36. The defendants applied such Constitutionally infirm practices, notwithstanding the dictates of the *Due Process Clause* and the Second Circuit's holding in Krimstock.

37. In effectuating the deprivation of the plaintiffs' right to use and possess their motor vehicle, the defendants violated the plaintiffs' right to procedural *Due Process* as guaranteed under the Fourteenth Amendment of the United States Constitution. As such, the defendants are liable to the plaintiffs pursuant to 42 U.S.C. § 1983.

38. As a result of the aforesaid defendants' violation of the plaintiffs' procedural *Due Process* rights, the plaintiffs have been damaged by being unable to use and enjoy their property and by being unlawfully deprived of their vehicle, and they are therefore entitled to obtain

damages equal to their vehicle's fair market rental value for the entire period of such deprivation.

39. Under federal law, the plaintiffs are entitled to an order directing the defendants to release the plaintiffs' vehicle to the plaintiffs immediately.

40. Under New York substantive law, the plaintiffs are entitled to damages equal to the fair market rental value of their vehicle for the entire period during which the defendant deprived them of its use without having afforded them *Due Process* Kuwait Airways Corporation v. Ogden Allied Aviation Services, 726 F.Supp. 1389 (E.D.N.Y.1989), MCI Worldcom Network Services v. Pecrete Construction Inc., 2006 WL 559664 (S.D.N.Y. 2006), Mountain View Coach Lines Inc. v. Storms, 102 A.D.2d 663, 476 NYS2d 918 (2nd Dept. 1984), Sellari v. Palermo, 188 Misc. 1057, 70 NYS2d 554 (1947) Naughton Mulgrew Motor Car Co. v. Westchester Car Co. 105 Misc. 595, 173 NYS 437 (1919).

41. All of the injuries described herein above were actually and proximately caused by the acts of the defendants, and their agents, as described herein.

## Monell Liability

42. As set forth herein above, through the Plaintiffs multiple visits to the precinct, the Commanding Officer of the 112th Precinct, Captain David F. Cordano was made affirmatively aware that the plaintiffs' vehicle was being retained without lawful basis, and that "the policy" being carried out by the precinct was that detectives were authorized to unilaterally choose to release or retain the plaintiffs' motion vehicle, despite the fact that there was no lawful basis for retaining the same.

43. The Commanding Officer's failure and/or refusal to investigate or address such blatant constitutional violations constituted his constructive acquiescence to the same by the

senior policy-making official of the Precinct. *See* <u>Soriucco v. New York City Police Department</u>, 971 F2d. 864 (2d Cir. 1992).

44. Contemporaneously, the NYC PD has failed to train and/or properly supervise its Detectives and Officers as to the clearly-established requirements of <u>Krimstock</u> and its progeny.

45. It is beyond clearly-established law that police departments cannot seize motor vehicles and to thereafter deprive their owners of the use and possession of their motor vehicles without affording them a hearing, given the multitude of decisions handed down by the United States Court of Appeals for the Second Circuit, each of which unequivocally states the same.

46. Notwithstanding same, both the Commanding Officer of the 112th Precinct and at least one detective under his command were not trained and/or were not supervised to understand that they could not retain continuing possession of the plaintiffs' motor vehicle without a hearing or notice of same.

47. Such failures to train and/or supervise were clearly not inadvertent (with respect to the Commanding Officer's affirmative knowledge of what was transpiring) but were, in fact, deliberate in that the final decision-maker of the precinct was well aware of the *Due Process* violations being carried out by the Detective(s) under his command. Such final decision maker deliberately, willfully and knowingly failed and refused to intervene and/or correct such ongoing violation of the plaintiffs' rights or to provide proper training to the NYC PD employees under his command and supervision to bring an end to such ongoing unconstitutional actions.

48. Such failures to train and/or supervise have caused the plaintiffs to be deprived of using and possessing their motor vehicle, without *Due Process* of law, in violation of their U.S. Constitutional rights.

49. Because the actions described herein, and the resultant injuries sustained by the plaintiffs, was undertaken pursuant to policies, customs, and practices maintained by the defendants and the final decision-maker of the 112th Precinct of the NYC PD, the NYC PD, and the other defendants are "persons" liable to the plaintiff under 42 U.S.C. §1983.

## COUNT II
### *DUE PROCESS* CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

(Substantive *Due Process* - 42 U.S.C. §1983)

50. The plaintiffs repeat and reiterate the allegations set forth within paragraphs "1" through "49" herein above, with the same force and effect as if fully set forth at length herein.

51. At all times described herein, the plaintiffs were vested of constitutionally protected property rights in the use and possession of their motor vehicle.

52. As detailed herein above, the defendants arbitrarily, capriciously, and deliberately deprived the plaintiffs of such property rights, and engaged in a pattern of conduct that was oppressive in a constitutional sense, in violation of the plaintiffs' rights to substantive due process, as guaranteed to the plaintiffs under the Fourteenth Amendment of the United States Constitution.

53. All of the injuries described herein above were actually and proximately caused by the acts of the defendant described herein.

54. The aforesaid defendant's violation of the plaintiffs' *Due Process* rights was made under color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

55. Having violated the plaintiffs' Constitutionally protected rights deliberately, and

concomitantly having caused the plaintiffs to sustain monetary damages as a result thereof, the defendant is liable to the plaintiffs and the plaintiffs are entitled to secure relief against the defendant, pursuant to 42 U.S.C. §1983.

## COUNT THREE

### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

56.     The plaintiffs repeat and reiterate the allegations set forth within paragraphs "1" through "55" herein above, with the same force and effect as if fully set forth at length herein.

57.     As described herein above, the defendants have violated and continue to violate the plaintiffs' constitutional right to *Due Process* by depriving the plaintiffs of the use and possession of their motor vehicle without *Due Process*.

58.     The defendants have continued, and continue such ongoing deprivations, despite the fact that no reasonable Police Officer, Detective, or Captain could reasonably believe that they could retain continuing possession of the plaintiffs' vehicle without violating the constraints of the *Due Process Clause* of the 14th Amendment as were laid bare within Krimstock and its progeny.

59.     Despite the same, the defendants: (a) ongoing refusal and failure to comply with the dictates of Krimstock, (b) continuing refusal to release the plaintiffs' motor vehicle continues at present, and (c) continuing violation of the plaintiffs' rights, persist to date.

60.     As such, there is an actual controversy over which this Court possesses jurisdiction.

61.     In view of the foregoing, the plaintiffs seek (a) a declaratory judgment, adjudging

that such practices on the part of the defendants are unconstitutional, that the continuing deprivation of the plaintiffs' rights is unconstitutional, and (b) affirmative injunctive relief, in the form of a Court Order ordering the defendants to release the plaintiffs' motor vehicle immediately.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiffs request that the Court render judgment:

### COUNT ONE

### Procedural *Due Process* Claim

(a) Awarding the plaintiffs compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of their vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendants, in such amounts as the plaintiffs establish at the time of trial; and

(b) For an order directing the defendants to release the plaintiffs' vehicle back to the plaintiffs immediately; and

(c) For an award of punitive damages against defendant DAVID F. CORDANO individually; and

(d) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e) For any and all expert fees incurred by the plaintiffs, pursuant to 42 U.S.C. §1988(c); and

(f) For such other and further relief as this Court may deem just and proper.

## COUNT TWO

### Substantive *Due Process* Claim

(a) Awarding the plaintiffs compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of their vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendant, in such amounts as the plaintiffs establish at the time of trial; and

(b) For an order directing the defendants to release the plaintiffs' vehicle back to the plaintiffs immediately; and

(c) For an award of punitive damages against defendant DAVID F. CORDANO individually; and

(d) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e) For any and all expert fees incurred by the plaintiffs, pursuant to 42 U.S.C. §1988(c); and

(f) For such other and further relief as this Court may deem just and proper.

## COUNT THREE

## Declaratory Judgment and Injunctive Relief

(a) Adjudging and declaring that the defendants' practices described herein above are violative of the *Due Process Clause* of the 14th Amendment, and

(b) Enjoining the defendants from continuing to maintain such constitutionally infirm practices, and

(c) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(d) For any and all expert fees incurred by the plaintiffs, pursuant to 42 U.S.C. §1988(c); and

(e) For such other and further relief as this Court may deem just and proper.

Dated: Merrick, New York
April 7, 2025

        Yours etc.,

        Campanelli & Associates, P.C.

        By: ___/s/__*Andrew J. Campanelli*_____
        Andrew J. Campanelli
        Attorneys for Plaintiff
        1757 Merrick Avenue, Suite 204
        Merrick, New York 11566